**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

May 3, 2022

**Via Email and ECF**
The Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    <u>United States v. Frank James</u>, 22-MJ-429 (RLM)

Dear Judge Mann,

    Pursuant to the Court's scheduling order (ECF No. 13), we write to reply to the government's letter in opposition to our motion to compel.

    As an initial matter, the government has now provided, as an attachment to its opposition, the affidavit underlying the search warrant, which was the primary subject of our motion to compel. The defense will address substantive issues raised by that affidavit in a subsequent suppression motion. As to the procedure by which the warrant was sought and executed, we have several continuing concerns.

    *First,* the government asserts that the defendant already had access to the search warrant affidavit because it was "filed publicly." ECF No. 12, at 1. This assertion, though literally accurate, is entirely disingenuous: because the affidavit was not filed on the case docket, and—to this day—is not searchable on the public docket by the defendant's name, it could only be accessed if one had been given advance notice of the second Magistrate's Docket number, which counsel and the public were not.

    *Second*, the government provides no explanation for why it did not follow its standard procedure in this district of giving actual notice to counsel before a search warrant is executed on a represented party. Because law enforcement (and not just any law enforcement: at least one of the case agents) went to the MDC and swabbed Mr. James without counsel having the opportunity to be present, we are now in the position of having to rely on the government's "understanding" that the defendant made no "relevant" statements to law enforcement. ECF No. 12, at 1. Had counsel been present, we would know for certain all statements made by Mr. James during this interaction with the case agent.

    In even the most routine cases, undersigned counsel and our colleagues in our office witness the taking of buccal swabs, pursuant to search warrants, in cases with represented

parties. Deviating from that practice—in a case of this magnitude, with a defendant known to suffer from mental illness—merits an explanation.

                                                  Respectfully Submitted,

                                                  /s/
                                              Mia Eisner-Grynberg
                                              Deirdre D. von Dornum
                                              Attorneys for Mr. James
                                              (718) 330-1257

cc:     AUSA Sara K. Winik (by email and ECF)
         AUSA Ellen Sise (by email and ECF)
         AUSA Ian Richardson (by email and ECF)