**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**UNITED STATES,**

                                                     **MEMORANDUM**
                                                   **AND ORDER**

      **-against-**                                             **22-MJ-0429 (RLM)**

**FRANK JAMES,**

                    **Defendant.**
-------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       In a letter-motion filed on April 28, 2022, defendant Frank James ("defendant") seeks an order compelling the government to disclose: (1) the underlying affidavit upon which a DNA buccal swab search warrant was issued; (2) any documents signed by defendant in connection with the DNA buccal swab conducted on April 26, 2022; and (3) any statements made by defendant on April 26, 2022.  See Letter Regarding DNA Samples Taken Absent Notice to Counsel (Apr. 28, 2022) ("Def. Mot."), DE #10.  The Court rules as follows:

       As an initial matter, defendant acknowledges in his reply that "the government has now provided . . . the affidavit underlying the search warrant, which was the primary subject of [defendant's] motion to compel."  Letter in Reply to Government's Opposition (May 3, 2022) ("Def. Reply"), DE #13.  Accordingly, defendant's primary request for relief is terminated as moot.

       As to the remaining aspects of defendant's motion, the government has assured the Court that the defendant was not questioned during the execution of the search warrant and was not asked to sign any documents.  See Letter in Opposition to the Defendant's Motion to Compel (Apr. 28, 2022) ("Gov. Opp.") at 1, DE #12.  In light of these good faith

representations, see generally United States v. Zelaya-Romero, 15 Cr. 174 (LGS), 2018 WL 1033235, at *3 (S.D.N.Y. Feb. 21, 2018); United States v. Santana, No. 13 CR 147(KMW), 2015 WL 5781413, at *2 (S.D.N.Y. Oct. 1, 2015), there are no statements or documents to be produced pursuant to Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure—the cited basis for the remaining requests in defendant's motion to compel.  See Def. Mot. at 2.

Despite the government's assurances, defendant's reply expresses "continuing concerns" about the "procedure by which the warrant was sought and executed," Def. Reply at 1, arguing that those concerns "merit[] an explanation[,]" id. at 2.  In particular, defense counsel repeatedly charge that the government failed to follow "standard procedure in this district," which, they contend, involves providing counsel with advance notice before executing a search warrant for buccal swabs from a represented defendant.  Id. at 1; see id. at 1-2; Def. Mot. at 1. While this Court might have preferred a procedure that provided advance notice, it cannot say that such a procedure is "standard practice" or that the government's failure to follow a better procedure constitutes a violation of the defendant's rights, entitling him to judicial relief.  In any event, this is not the time to litigate that issue.  As defense counsel acknowledge in their reply, "[t]he defense will address the substantive issues [concerning the search] in a subsequent suppression motion."  Def. Reply at 1.  Therefore, defendant's request for "an explanation" at the pre-indictment stage is denied as premature.  See Gov. Opp. at 2 (citing *In re* Search Warrants Executed on April 28, 2021, 21-MC-425 (JPO), 2021 WL 2188150, at *3 (S.D.N.Y. May 28, 2021); *In re* Possible Violations of 18 U.S.C. §§ 201, 371, 491 F.Supp. 211, 214 (D.D.C. 1980)).

## CONCLUSION

For the foregoing reasons, to the extent that defendant's motion has not been rendered moot, it is denied as premature.

**SO ORDERED.**

Dated: Brooklyn, New York
May 6, 2022

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**